IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THERESA MONTOYA,

    Plaintiff,

vs.                                        1:21-cv-01209-KWR-JHR

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss a Claim for Lack of Subject Matter Jurisdiction, filed March 22, 2022 **(Doc. 8)**. Having reviewed the parties' pleadings and applicable law, the Court finds that Defendant's motion is **WELL-TAKEN** and therefore, is **GRANTED**.

### BACKGROUND

Plaintiff brings this case against the United States under the Federal Tort Claims Act, asserting she suffered personal injuries and property damage after an automobile collision with a federal employee. Plaintiff alleges that on September 21, 2020, she was involved in a two vehicle accident with a Santa Clara Forestry Department employee who was driving a department tractor trailer in the course and scope of his employment.

Plaintiff alleges the United States is liable for Plaintiff's injuries. Plaintiff filed an administrative claim with the United States Department of the Interior, using Standard Form 95. Plaintiff's administrative claim states in part:

> David Ortiz employee of Stata [sic] Clara Pueblo Forestry Department, was driving a tractor-trailer in the course and scope of employment. Of note, at the time, Mr. Ortiz did not possess or produce a commercial driver's license (CDL) allowing him

to operate such a vehicle. While Ms. Montoya was traveling with the right of way, Mr. Ortiz turned his tractor-trailer in front of her. Following this, Ms. Montoya attempted to avoid the tractor-trailer, but was unable to and collided with the tractor-trailer.

Plaintiff's Complaint asserts two claims, one for negligence and one for negligent entrustment. Plaintiff asserts that David Ortiz was operating a tractor-trailer without the required license to operate it. Plaintiff alleges that Mr. Ortiz turned in front of her and "Mr. Ortiz crashed into" her. **Doc. 1 at 3.** As to the negligent entrustment claim, Plaintiff asserts that the Government negligently entrusted the tractor trailer to Mr. Ortiz because he was not licensed to operate the vehicle and Defendant knew or should have known that he was not appropriately licensed.

## LEGAL STANDARD

Defendant moves to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden of presenting evidence sufficient to establish the Court's subject matter jurisdiction by a preponderance of the evidence. *See United States ex rel. Hafter D.O. v. Spectrum Emerg. Care, Inc.*, 190 F.3d 1156, 1160 n.5 (10th Cir. 1999). The Court may go beyond the complaint and consider evidence presented by the parties. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where the jurisdictional issues are intertwined with the merits of the case, the motion should be resolved under Fed. R. Civ. P. 12(b)(6) or 56. *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1129 (10th Cir. 1999), *cert. denied*, 528 U.S. 964 (1999).

Plaintiff did not object to the Court considering this motion under Fed. R. Civ. P. 12(b)(1) or 56. Rather, the relevant jurisdictional facts appear to be undisputed, and Plaintiff does not object to the Court considering the SF 95 administrative claim form she filed with Defendant.

## DISCUSSION

Defendant argues that the Court lacks subject matter jurisdiction over the negligent entrustment claim in this case because Plaintiff failed to exhaust administrative remedies.

Specifically, Defendant argues that Plaintiff's administrative claim fails to assert any facts which would put the Defendant on notice that she may assert a negligent entrustment claim. The Court agrees. Therefore, the Court dismisses Plaintiff's negligent entrustment without prejudice for failure to exhaust administrative remedies. 28 U.S.C. § 2675(a).

I.      **Federal Tort Claims Act ("FTCA")**.

"The [FTCA] is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans,* 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976), *quoted in Lopez v. United States*, 823 F.3d 970, 975–76 (10th Cir. 2016).

Because the FTCA constitutes a congressional waiver of the federal government's sovereign immunity, *see Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005), Congress has imposed certain conditions on actions brought under that enactment. Plaintiff must provide notice to the United States before pursuing an FTCA action in court. *See Estate of Trentadue*, 397 F.3d at 852. In particular, an FTCA action cannot be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).

The notice and exhaustion requirements of § 2675(a) "must be strictly construed. The requirements are jurisdictional and cannot be waived." *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005); *see also Nero v. Cherokee Nation of Okla.*, 892 F.2d 1457, 1463 (10th Cir. 1989) ("[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." (citation omitted)). If a plaintiff's claims are not sufficiently presented to the appropriate federal agency pursuant to § 2675(a) prior to bringing suit against the United States, those claims must be

3

dismissed for lack of subject matter jurisdiction. *Staggs v. United States ex rel. Dep't Health & Human Servs.*, 425 F.3d 881, 885 (10th Cir. 2005).

## II.     Negligent Entrustment Claim was not Sufficiently Noticed.

### A.     FTCA Notice Law.

The Defendant argues that Plaintiff failed to sufficiently notify it of her negligent entrustment claim. "The jurisdictional statute, 28 U.S.C. § 2675(a), requires that claims for damages against the government [first] be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Estate of Trentadue*, 397 F.3d at 852. (citations omitted). The purpose of this requirement is "to give the agency notice of the claim, an opportunity to investigate, and a chance to settle the claim prior to litigation." *Lopez v. United States*, 823 F.3d 970, 977 (10th Cir. 2016).

"A claim is properly presented to an agency only if the language of the claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct." *Barnes v. United* States, 707 Fed. Appx. 512, 516 (10th Cir. 2017) (internal quotation omitted). However, the notice requirement "should not be interpreted inflexibly." *Trentadue*, 397 F.3d at 852. "Several courts in this jurisdiction have ... interpreted the provision to require notice of the facts and circumstances underlying a claim rather than the exact grounds upon which plaintiff seeks to hold the government liable." *Id.*

Moreover, "[n]o statement of legal theories is required… only facts plus a demand for money." *Lopez*, 823 F.3d at 977. The form must give notice "sufficient to warrant [government] investigation of each claim." *Haceesa v. U.S.*, 309 F.3d 722, 734 (10th Cir. 2002). While this standard is flexible, "it is not the government's obligation to cast about in the wilderness for every

possible source of liability lurking in an administrative claim; rather, the language of the claim itself must serve as a competent guide that, at very least, points the agency to the correct areas of inquiry." *Benally v. United States*, No. 13-CV-0604-MV-SMV, 2016 WL 3200125, at *4 (D.N.M. May 20, 2016).

  **B.**  <u>Analysis</u>.

  Here, Plaintiff did not give sufficient notice to the Defendant to investigate a possible negligent entrustment claim. Her notice fails to set forth facts and circumstances underlying a negative entrustment claim. Plaintiff describes that an accident occurred. However, Plaintiff does not identify that anyone else besides the driver could have committed tortious acts.

  Merely referring to an accident involving a federal employee does not put the Government on notice to investigate a negligent entrustment claim. *See*, e.g., *Arnold v. United States*, No. 21-CV-399, 2022 WL 1045651, at *5 (D.N.M. Apr. 7, 2022) (insufficient notice of negligent supervision and entrustment claim where plaintiff only referenced car accident), *citing Barnes v. United States*, 707 F.App'x 512, 516 (10th Cir. 2017) (dismissing similar claims "lack[ing] even a cursory mention of [administrative] training or supervision" for failure to notify the federal agency of potential wrongdoing); *Begay v. United States*, 188 F. Supp. 3d 1047, 1095 (D.N.M. 2016) (dismissing failure to train and supervise claim when original administrative claim did not include even a cursory mention of such claims); *Gonzagowski v. United States*, 495 F. Supp. 3d 1048, 1110 (D.N.M. 2020) (dismissing plaintiff's negligent hiring, training, and supervision claims where plaintiff filed a "brief and specific" claim "focuse[d] only on an alleged [tortious act] and nowhere does it point a legally trained reader to investigate the United States' hiring, training and supervision of the [employees].").

Plaintiff argues that she notified the Defendant that the driver, Mr. Ortiz, did not have a commercial driver's license ("CDL"). She asserts that this is sufficient to give the Defendant notice of a negligent entrustment claim. However, Plaintiff has not cited to any law indicating that the lack of a driver's license would notify the Defendant of a negligent entrustment claim.

To establish a claim for negligent entrustment under New Mexico law, Plaintiff must show that (1) Defendant entrusted its vehicle to Mr. Ortiz, (2) Defendant knew or should have known that Mr. Ortiz was an incompetent driver, and (3) Mr. Ortiz's incompetence caused the injury. *DeMatteo v. Simon*, 1991-NMCA-027, ¶ 6, 112 N.M. 112, 114, 812 P.2d 361, 363.[1] In *DeMatteo*, the facts bearing on incompetency included traffic citations, accident history, and drug use. *Id.*

Here, Plaintiff has not cited to any law indicating that the lack of a driver's license satisfies the "incompetency" element of a negligent entrustment claim. Rather, it appears that the lack of a driver's license is insufficient to show that a person is incompetent to drive the vehicle. *See Amparan v. Lake Powell Car Rental Companies*, 882 F.3d 943, 949 (10th Cir. 2018) (In considering New Mexico law, reasoning that "from *Spencer*, we learn that evidence of an entrustee's lack of a valid driver's license coupled with the entrustor's violation of state law is insufficient to permit a jury to conclude the entrustor knew or should have known the entrustee was an incompetent driver."), *citing Spencer v. Gamboa*, 1985-NMCA-033, ¶ 12, 102 N.M. 692,

---

[1] The Court considers New Mexico law in determining whether the United States as an employer is liable for the acts of its alleged employee. *Benally v. United States*, 735 F. App'x 480, 489 (10th Cir. 2018), *citing In re Franklin Savings Corp.*, 385 F.3d 1279, 1288 (10th Cir. 2004) (explaining that "state law determines whether there is substantive liability under the FTCA"). Under the Federal Tort Claims Act, the Court generally looks to the law of the state where the alleged tort occurred. 28 U.S.C.A. § 1346(b)(1) (district court has exclusive jurisdiction over claims for money damages against the United States for "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."); *Fowler v. United States*, 647 F.3d 1232, 1237 (10th Cir. 2011) ("we examine Colorado respondeat superior law in this case, as did the district court, to determine if Mr. Garrick was within the scope of his employment when the car accident occurred.").

694, 699 P.2d 623, 625 ("the lack of a license is in itself no evidence of lack of incompetence."). Plaintiff has not cited to any case indicating that the lack of a license is evidence of incompetence to drive a vehicle sufficient to support a negligent entrustment claim. Rather, many cases hold that the lack of a license, without more facts, does not constitute incompetence. *See, e.g., Harrell v. Shwartz*, No. 17-CV-165-F, 2018 WL 8221283, at *3 (D. Wyo. Aug. 20, 2018), *quoting Finch v. Canaday*, 75 Wyo. 472, 484–85, 297 P.2d 594, 598 (1956) ("By the great weight of authority, the mere fact that the operator of a motor vehicle was not licensed to operate it [as] required by statute will not of itself make the owner liable for injury caused by the operation of the vehicle…").

Therefore, the fact that an employee-driver did not hold a valid license would not have caused the Defendant to explore whether Plaintiff had a negligent entrustment claim.

## CONCLUSION

The Court concludes that Plaintiff failed to administratively exhaust her negligent entrustment claim claim because she failed to sufficiently notice the claim on her SF-95 form. Therefore, the Court lacks subject matter jurisdiction over the negligent entrustment claim and dismisses it without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss a Claim for Lack of Subject Matter Jurisdiction **(Doc. 8)** is hereby **GRANTED** for the reasons described in this Memorandum Opinion and Order; and

**IT IS FURTHER ORDERED** that the negligent entrustment claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**